IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | |
|---|---|
| Association Insurance Company,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>John Tilton Homes, Inc., Angela L. Hadaway, James Hadaway, Combahee River Preserve, LLC d/b/a Wingfield Preserve, LLC, Joseph D. Gaskin, P.E., Nivens & Nivens, Inc. d/b/a Nivens Engineering Design Group, Inc., and Keith Carter d/b/a Keith Carter Construction,<br><br>　　　　　Defendants. | CIVIL ACTION NO. 2:10-508-DCN<br><br><br><br>**COMPLAINT**<br><br>**(Declaratory Judgment)**<br><br>**(Non-Jury)** |

Plaintiff Association Insurance Company respectfully alleges and would show this Honorable Court as follows:

**PARTIES AND JURISDICTION**

1. Plaintiff Association Insurance Company ("Association") is an insurance company organized and existing under the laws of the State of Georgia and maintains its principal place of business is in the State of Georgia. At all times relevant, Association was duly authorized to do business and write insurance policies in the State of South Carolina.

2. Upon information and belief, Defendant John Tilton Homes, Inc. is a corporation organized and existing under the laws of the State of South Carolina and maintains its principal place of business is in the State of South Carolina. John Tilton Homes, Inc. transacted business in the State of South Carolina at all times relevant.

3. Upon information and belief, Defendant Angela L. Hadaway is a citizen and resident of the State of South Carolina. Defendant Angela L. Hadaway is the wife of Defendant James Hadaway.

4. Upon information and belief, Defendant James Hadaway is a citizen and resident of the State of South Carolina. Defendant James Hadaway is the husband of Defendant Angela Hadaway.

5. Upon information and belief, Defendant Combahee River Preserve, LLC d/b/a Wingfield Preserve, LLC, is a limited liability company organized and existing under the laws of the State of South Carolina and maintains its principal place of business is in the State of South Carolina. Defendant Combahee River Preserve, LLC d/b/a Wingfield Preserve, LLC transacted business in the State of South Carolina at all times relevant.

6. Upon information and belief, Defendant Joseph D. Gaskin, P.E. is a citizen and resident of the State of South Carolina and does business in the State of South Carolina.

7. Upon information and belief, Defendant Nivens & Nivens, Inc. d/b/a Nivens Engineering Design Group, Inc. is a corporation organized and existing under the laws of the State of South Carolina and maintains its principal place of business is in the State of South Carolina. Defendant Nivens & Nivens, Inc. d/b/a Nivens Engineering Design Group, Inc. transacted business in the State of South Carolina at all times relevant.

8. Upon information and belief, Defendant Keith Carter d/b/a Keith Carter Construction is a citizen and resident of the State of South Carolina and does business in the State of South Carolina.

9. This action is brought under the provisions of the Federal Declaratory Judgment Act, 28 U.S.C §2201 *et seq.* and Rule 57, Fed. R. Civ. P.; there is a real and

justiciable controversy between the parties, and by these proceedings Association asks this Court to inquire into and declare the rights, obligations and other legal relations of the parties hereto arising out of the facts set forth below.

10.     The amount in controversy exceeds Seventy-Five Thousand and No/100 ($75,000.00) Dollars, exclusive of interests and costs, and there is complete diversity of citizenship; therefore, the Court has jurisdiction to hear this matter under 28 U.S.C. §1332.

## FACTUAL ALLEGATIONS

11.     Association issued general liability policy GLP 0004062 02 ("the Policy") to Defendant John Tilton Homes, Inc., for the policy period July 15, 2007 through July 15, 2008. A copy of the Policy and corresponding declarations page is attached hereto as **Exhibit A** and its contents are incorporated herein by reference.

12.     The Policy provides in Section I, Coverage A ("Bodily Injury and Property Damage Liability") as follows with regard to "bodily injury" liability:

      1. Insuring Agreement

          a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" … to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages.

13.     Section V of the Policy defines "bodily injury" to mean "…bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time."

14.     The Policy, in Section I, Coverage B, provides for "Personal and Advertising Injury Liability."  This Coverage B is afforded a liability limit of $1,000,000.  Coverage B provides in pertinent part as follows:

3

1. Insuring Agreement

    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages.

15. Section V of the Policy defines "Personal and advertising injury" as follows:

'Personal and advertising injury' means injury, including consequential 'bodily injury', arising out of one or more of the following offenses:

   a. False arrest, detention, or imprisonment;

   b. Malicious prosecution;

   c. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord, or lessor;

   d. Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

   e. Oral or written publication, in any manner, of material that violates a person's right of privacy;

   f. The use of another's advertising idea in your "advertisement"; or

   g. Infringing upon another's copyright, trade dress or slogan in your "advertisement".

16. The Policy's declarations page sets forth the following limits of insurance: $1,000,000 for each occurrence; $1,000,000 for personal and advertising injury; $2,000,0000 aggregate limit for products-completed operations; $2,000,000 aggregate limit

(for other than products-completed operations); $5,000 per person for medical expense; and $100,000 for fire damage from any one fire.

17.     On or about February 16, 2008, Defendant James Hadaway allegedly injured himself after falling from a hunting tower under construction at Wingfield Preserve in Colleton County, South Carolina.

18.     On or about April 27, 2009, Defendant Angela Hadaway, the wife of Defendant James Hadaway, commenced a loss of consortium action against several defendants. The lawsuit, which is pending in the Colleton County Court of Common Pleas, bears civil action number 2009-CP-15-377 and is captioned *Angela L. Hadaway v. Combahee River Preserve, LLC d/b/a Wingfield Preserve, LLC, Joseph D. Gaskin, P.E., Nivens & Nivens, Inc. d/b/a Nivens Engineering Design Group, Inc. and John Tilton Homes, Inc.* ("the Consortium Lawsuit").  In the Consortium Lawsuit, Defendant Angela Hadaway asserts claims for negligence and breach of warranty.  Defendant Angela Hadaway's claims arise out of the bodily injury allegedly suffered by Defendant James Hadaway during his fall.

19.     Upon information and belief, Defendant James Hadaway has not filed a lawsuit against Defendant John Tilton Homes, Inc. or any other parties to date.

## FOR A FIRST DECLARATION

20.     Association, to the extent not inconsistent, repeats, re-alleges and incorporates the foregoing paragraphs as if fully set forth herein verbatim.

21.     Defendant Angela Hadaway's claims in the Consortium Lawsuit are for personal injuries, not bodily injuries, and are therefore not covered by the Policy.

22. Therefore, Association is entitled to a declaration that the Policy does not afford coverage for the claims alleged and damages sought by Defendant Angela Hadaway in the Consortium Lawsuit.

## FOR A SECOND DECLARATION

23. Association, to the extent not inconsistent, repeats, re-alleges and incorporates the foregoing paragraphs as if fully set forth herein verbatim.

24. Association is entitled to a declaration that it has no duty to defend and/or indemnify Defendant John Tilton Homes, Inc. in the Consortium Lawsuit because the Policy does not cover the claims alleged and damages sought in Defendant Angela Hadaway's Complaint.

## FOR A THIRD DECLARATION

25. Association, to the extent not inconsistent, repeats, re-alleges and incorporates the foregoing paragraphs as if fully set forth herein verbatim.

26. In the alternative, should the Court declare that the Policy affords coverage for the claims asserted and damages sought by Defendant Angela Hadaway in the Consortium Lawsuit, Defendant Angela Hadaway's claims are subject to the $1,000,000 per occurrence liability limit. Defendant Angela Hadaway must share the same liability limit potentially available to Defendant James Hadaway in any subsequent claim or civil action he might commence on the basis that any and all damages allegedly sustained by Defendants Angela and James Hadaway arise out of the bodily injury(ies) allegedly sustain by Defendant James Hadaway.

27. Therefore, Association is entitled to a declaration that the Policy – to the extent it affords any coverage for the claims and damages alleged by Defendant Angela

Hadaway in the Consortium Lawsuit – affords coverage to Defendant Angela Hadaway in an amount not to exceed the $1,000,000 per occurrence liability limit potentially available to Defendant James Hadaway in any subsequent claim or civil action he might commence.

**WHEREFORE**, having set forth its Complaint, Association respectfully requests that this Honorable Court inquire more fully into the matters alleged herein and declare that:

1. The Policy does not provide coverage for any claims or damages alleged by Defendant Angela Hadaway in the Consortium Lawsuit; and

2. Association does not owe Defendant John Tilton Homes, Inc. a duty to defend or indemnify in the Consortium Lawsuit; and

3. Alternatively, that the limit of liability coverage potentially available to Defendant Angela Hadaway is the same limit of coverage that would potentially be available to any claim brought by Defendant James Hadaway in any future action; and

4. Association be granted recovery of its costs and disbursements associated with this action; and

5. Association be granted such other and further relief as this Honorable Court may deem just and proper

[SIGNATURE PAGE FOLLOWS]

.

                ELLIS, LAWHORNE & SIMS, P.A.

                BY:    s/John D. Hudson, Jr.
                      JOHN D. HUDSON, JR. (Fed. I.D. #7580)
                      E-mail: jhudson@ellislawhorne.com
                      PAGE M. KALISH (Fed. I.D. #9463)
                      E-mail: pkalish@ellislawhorne.com
                      1501 Main Street, Fifth Floor
                      Post Office Box 2285
                      Columbia, South Carolina 29202
                      TEL: (803) 254-4190

                ATTORNEYS FOR PLAINTIFF ASSOCIATION INSURANCE COMPANY

Columbia, South Carolina

March 3, 2010